**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY
SCHOOLS,

        Plaintiff - Appellant,

v.

HENRY HENDERSON; ELEANOR
SHIRLEY; FORMER MEMBERS OF
THE NAVAJO NATION SUPREME
COURT; RICHIE NEZ; CASEY
WATCHMAN; BEN SMITH; BLAINE
WILSON; FORMER MEMBERS OF
THE NAVAJO NATION LABOR
COMMISSION; EUGENE KIRK;
REYNOLD R. LEE; FORMER
MEMBERS OF THE OFFICE OF
NAVAJO LABOR RELATIONS;
JOHN AND JANE DOES,

        Defendants - Appellees.

No. 16-2011
(D.C. No. 1:15-CV-00604-KG-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HARTZ**, Circuit Judges.

---

   [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A school district won an employment suit before the Navajo Nation Supreme Court. But in ruling in the school district's favor, the Navajo Nation Supreme Court found it had subject-matter jurisdiction over the dispute. The school district disagreed that the Navajo courts had jurisdiction, so it brought this suit in federal court. The school district asked the court to declare that jurisdiction was improper, and to enjoin Navajo courts and agencies from exercising jurisdiction over it in the future. Finding no injury in the school district's legal victory, the district court dismissed the suit for lack of standing.

We agree and AFFIRM the district court. The Navajo Nation Supreme Court did not injure the school district merely by asserting jurisdiction, since the school district won the lawsuit below. Any future assertion of jurisdiction over the school district is merely conjectural. Without an injury, the school district has no standing to pursue these claims.

## I. Background

Gallup-McKinley County Schools hired Henry Henderson as the principal of Navajo Pine High School under a one-year contract. Henderson is a member of the Navajo Nation, and Navajo Pine High School is located inside the Navajo Nation. Nine months into the job, Henderson resigned after the school district told him it would not renew his contract for the following year.

Henderson later filed a charge with the Office of Navajo Labor Relations, claiming the school district violated the Navajo Preference in Employment Act.

But the Office of Navajo Labor Relations found Henderson's charge was untimely.

Henderson then filed a complaint with the Navajo Nation Labor Commission. At the Labor Commission, the school district moved to dismiss the complaint on three grounds. First, the Navajo Nation lacked jurisdiction. Second, Henderson's charge was untimely under the Navajo Preference in Employment Act. Third, the school district had not taken any adverse action against Henderson, since he had resigned from his job. The Labor Commission dismissed the complaint on the third ground—that Henderson affirmatively resigned his employment—without reaching the other two grounds.

Henderson then appealed to the Navajo Nation Supreme Court. In response, the school district made the same three arguments it made before the Labor Commission. And the school district won again before the Navajo Nation Supreme Court.

In its ruling, the Navajo Nation Supreme Court found that it had subject-matter jurisdiction over the school district. The court cited previous cases finding the Navajo Nation had jurisdiction over New Mexico school districts located within the Navajo Nation. It also cited a case holding the Labor Commission has subject-matter jurisdiction when non-Navajo employers challenge the Navajo Preference in Employment Act. The court reasoned the Navajo Nation's authority

-3-

to exclude non-Indian entities from trust land included the power to regulate them—even state officials acting under state law.

But the Navajo Nation Supreme Court concluded Henderson's charge was untimely under the Navajo Preference in Employment Act. That defect, it found, deprived the Labor Commission of jurisdiction. The court affirmed the Labor Commission's dismissal on that alternate ground.

The school district's dissatisfaction with the way it won is the basis of this appeal. The school district moved to federal court, filing a complaint seeking two forms of relief.[1] First, it sought a declaratory judgment that the Navajo Nation lacks jurisdiction over the school district's employment decisions and practices. Second, it sought injunctive relief barring further prosecution of any matters before Navajo agencies or courts because of their lack of jurisdiction. The Navajo Nation moved to dismiss the action for lack of subject-matter jurisdiction.

In a well reasoned opinion, the district court dismissed the action without prejudice, and denied a motion to amend.[2]

---

[1] The named appellees include former members of the Office of Navajo Labor Relations, the Navajo Nation Labor Commission, and the Navajo Nation Supreme Court. For brevity's sake we refer to the appellees collectively as the Navajo Nation.

[2] The school district moved to amend its complaint in an attempt to cure its defects. The amendment would have included allegations that the Office of Navajo Labor Relations was asserting jurisdiction over the school district in another matter. It would have joined another school district as a plaintiff, which also had been subject to Navajo jurisdiction over its employment decisions.

## II. Analysis

Article III of the Constitution confines us to adjudicating actual cases and controversies. We therefore cannot issue opinions unless the parties have standing. The Supreme Court has explained that

> the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and punctuation omitted) (alterations incorporated). The burden of establishing these elements falls on the party invoking federal jurisdiction. *Id.* at 561.

We review a district court's dismissal for lack of subject-matter jurisdiction de novo. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1714 (2016). We also review questions of standing de novo. *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). "Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this 'denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility.'" *Cohen v.*

*Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (quoting *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1250 (10th Cir. 2009)).

As the district court reasoned, the school district has not suffered a cognizable injury. To reiterate, an injury giving rise to standing must be [1] an invasion of a legally protected interest that is [2] concrete and particularized and [3] actual or imminent. *Accord, e.g.*, *Arizona State Legislature v. Arizona Independent Redistricting Comm'n*, 135 S. Ct. 2652, 2663 (2015); *Raines v. Byrd*, 521 U.S. 811, 818–819 (1997). "'Allegations of possible future injury' do not satisfy the injury in fact requirement." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (en banc) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

The school district does not explain what legally protected interest was invaded when the Navajo Nation asserted jurisdiction over it. Nor does it cite any cases where the reviewing court found standing for victorious litigants challenging the jurisdiction of the court before which they won. Even if Navajo jurisdiction is improper—a question we do not address today—there is no guarantee it will be exercised over the school district in the future. In fact, inherent in the notion of "injury" is the idea that the plaintiff is, or will be, worse off as a result of the complained-of conduct. Case law supporting the school district's theory is thin, because successful litigants do not generally initiate suit in federal court over their victories. *But cf. Simon v. E. Kentucky Welfare Rights*

*Org.*, 426 U.S. 26, 39 (1976) ("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement.").

We agree with the district court that the Navajo Nation Supreme Court's assertion of jurisdiction did not injure the school district. The school district won the lawsuit below. That victory terminated the legal controversy. The school district has not explained what legally protected interest was harmed by the legal victory. And the "conjectural" and "hypothetical" possibility that Navajo courts will assert jurisdiction over the school district in the future cannot give rise to standing. We are thus without power to grant the school district's request for injunctive relief. We cannot decide the merits of the dispute absent any injury.

The school district's request for a declaratory judgment does not change this calculus. The Federal Declaratory Judgment Act provides that federal courts may "declare the rights and other legal relations of any interested party seeking such declaration"— only "[i]n a case of *actual controversy within its jurisdiction*." 28 U.S.C. § 2201 (emphasis added). As the Supreme Court has explained, "[t]he Declaratory Judgment Act . . . in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937) (quoting the Federal Declaratory Judgment Act of 1934, 48 Stat. 955). "Basically, the

-7-

question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *accord MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

That standard is not met here: there is no "substantial controversy . . . of sufficient immediacy and reality" to warrant a court issuing a declaratory judgment. The school district will suffer no legal or financial penalty from the dismissal of its suit. Its legal victory will stand, and it will be where it was before Henderson sought recourse in the Navajo legal system. And if the school district thinks it is improperly subjected to Navajo jurisdiction in the future, it can pursue its legal remedies then.

Finally, the school district appeals the district court's denial of its motion to amend the complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But where the proposed amendment would be futile, the court need not grant the leave sought. *Id.*

-8-

The district court denied the plaintiffs' motion to amend the complaint on the basis that Rule 15(a) "does not allow a party without standing to amend a complaint to add new plaintiffs and claims," citing cases from other circuits. App. 147. We understand this reasoning as amounting to a denial on grounds of futility: no amendment the school district could make under Rule 15 would have created standing here.[3] We need not decide today, without the benefit of briefing on this point, whether there are any conceivable circumstances where Rule 15 would allow a party without standing to amend a complaint to add new plaintiffs and claims. Here, the underlying facts were not a proper subject of relief, because the school district lacked standing. The proposed amendment could not have converted the school district's claim into a viable one: it would not have changed the fact that the school district suffered no cognizable injury. And that made the proposed amendment futile.

In sum, the district court therefore did not abuse its discretion in denying the motion to amend.

## III. Conclusion

---

[3] Even if our reasoning does not accord precisely with that of the district court, we may affirm on any basis supported by the record. *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). Despite any analytical differences, however, we are satisfied the district court did not abuse its discretion in rejecting the proposed amendment.

We therefore AFFIRM the district court's dismissal of this action and denial of the school district's motion to amend.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Chief Judge